McCORMICK (U. S. v.). See Cases Nos. 15,-662 and 15,663.

## Case No. 8,728.

### McCORMICK v. WALKER.

[1 Hayw. & H. 86.] [1]

Circuit Court, District of Columbia. May 28, 1842.

INFANCY—PROMISE TO PAY AFTER OF AGE — DURESS—PAY WHEN ABLE—KNOWLEDGE OF DISCHARGE ON ACCOUNT OF MINORITY.

1. A promise made to pay a note at a time when the defendant was of full age, was made under duress, if made under a threat that if he did not pay he would be sued.

2. Upon a promise of the defendant to pay when able, the plaintiff must prove the ability of the defendant to pay.

3. An acknowledgment made after the maturity of a debt contracted while the defendant was a minor, and a promise to pay, would not be sufficient unless the defendant was aware at the time of the promise that he was discharged of the debt by reason of his minority.

Action was brought [against Henry Walker] on the following promissory note: "$4,-200. Washington, Sept. 21, 1839. Twelve months after date, I promise to pay to the order of Colburn & Tufts, for value received, at the Bank of Metropolis, forty-two hundred dollars. Jno. Walker." Endorsed by Colburn & Tufts, Lewis Walker, Henry Walker and Charles McCormick. The plea was infancy. On the trial the defendant offered the deposition of Dorcas Walker, mother of the defendant, in which she deposes that the defendant is her son, and that he was born October 1st, 1819. The verdict was for the defendant.

H. M. Morfit, for plaintiff.
Brent & Brent, for defendant.

The plaintiff, through his counsel, moved for a new trial: Because THE COURT ex-

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

pressed an opinion that a promise made by the defendant to pay the note at a time when he was of full age, was made under duress because the witness told him if he did not pay. he would be sued, which opinion the plaintiff, by his counsel contends is erroneous at law. Because THE COURT said in the progress of the trial, that upon a promise of defendant to pay when able, the plaintiff was bound to prove that the defendant was able to pay before action brought. Because THE COURT said, that an acknowledgment made after maturity of a debt contracted while defendant was a minor, and a promise to pay would not be sufficient unless the defendant was aware at the time of the promise that he was discharged of the debt by reason of his minority; all of which expressions of opinion influenced the jury in their verdict, and were, as the plaintiff contends, erroneous in law.

The motion was overruled.